**NOT RECOMMENDED FOR PUBLICATION**
File Name: 11a0034n.06

No.  09-3825

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Jan 13, 2011**
LEONARD GREEN, Clerk

| | |
|---|---|
| **Lamin Kande,** | ) |
| | ) |
| **Petitioner** | ) |
| | ) |
| **v.** | ) |
| | ) ON PETITION FOR REVIEW FROM THE |
| **Eric H. Holder, Jr., Attorney General,** | ) BOARD OF IMMIGRATION APPEALS |
| | ) |
| **Respondent** | ) |
| | ) |
| | ) |

BEFORE:    **MERRITT, COOK, and WHITE, Circuit Judges**

**MERRITT, Circuit Judge.**  Lamin Kande, a citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals ("the Board") denying his applications for asylum and withholding of removal under the Immigration and Nationality Act ("the Act").  We dismiss his asylum claim for want of jurisdiction, and we deny his withholding of removal claim.

Petitioner Kande is a native and citizen of Sierra Leone, and an ethnic Mende.  He claims to have entered the United States on September 6, 2000, through JFK airport in New York City, using a fraudulent passport.  On January 26, 2001, Kande filed an affirmative asylum application. The Department of Homeland Security subsequently issued Kande a Notice to Appear on August 4, 2004, and charged him with removability as an alien who was not in possession of a valid unexpired travel document at the time of entry.  At an initial hearing before an Immigration Judge, Kande conceded

removability but, as grounds for relief from removal, renewed his asylum application, and requested withholding of removal under both the Act and the Convention Against Torture ("the Convention"), or, in the alternative, voluntary departure. After a subsequent hearing on the merits of these claims, the Immigration Judge rejected them all, found Kande removable, and denied his request for voluntary departure. Kande appealed the determinations as to his claims of asylum and withholding of removal under the Act, but not the Convention, to the Board, and the Board denied his appeal. Kande then petitioned to this Court for review.

The substance of all of Kande's claims for relief from removal is that he is an ethnic Mende whose ethnicity generally and whose family specifically was closely associated with the Sierra Leone People's Party ("the Party"), a political party whose adherents have been the victims of political persecution in Sierra Leone. He identifies two specific incidents supporting his claim of a fear of persecution, both occurring during a time of great upheaval in Sierra Leone: the killing of his brother, a soldier in the Sierra Leone army, during a battle with a rebel army seeking the overthrow of the Sierra Leone government, and the kidnapping and murder of his father, a determined supporter of the Party, by the same rebel group, which vehemently opposed the Party.

Every aspect of Kande's claims was supported only by his own testimony, which was uncorroborated by any other evidence whatsoever. The Immigration Judge found, and the Board agreed, that this testimony was not credible. Both based this adverse credibility determination primarily on two inconsistencies. In his asylum application, Kande indicated that the rebels killed his brother in August of 1996, and his father in May 1997. However, in his testimony, he testified that his brother was killed in June of 1996, and his father in September of 1997. When confronted

with both inconsistencies, Kande changed his testimony, and indicated that the dates in the asylum application were the correct dates. Finding Kande's testimony not credible on this basis, the Immigration Judge extended his skepticism to Kande's entirely uncorroborated date of entry into the United States, and rejected his asylum application as untimely. Moving then to the merits of his claims for withholding of removal, the Immigration Judge denied those claims (as well as the asylum application, on an alternative rationale), based on an adverse credibility determination.

As to the denial of Kande's application for asylum, we are simply without jurisdiction to review this claim. Absent some showing of changed or extraordinary circumstances (not attempted here), an alien seeking asylum must show by clear and convincing evidence that he filed his application within a year of entering the United States. 8 U.S.C. § 1158(a)(2)(B). The Immigration Judge was not convinced by Kande's uncorroborated testimonial evidence that he entered the United States less than a year prior to his application's filing. We are barred by statute from reviewing the determination of the Immigration Judge in this regard. 8 U.S.C. § 1158(a)(3). While we have construed that bar only to apply when the appeal seeks review of discretionary or factual questions and not when the appeal concerns constitutional questions or questions of statutory interpretation, *Huang v. Mukasey*, 523 F.3d 640, 650 (6th Cir. 2008), the question of when Kande entered the country is unquestionably factual.

We do, however, have jurisdiction to consider Kande's request for withholding of removal. Kande, neither in this Court nor before the Board, appeals the Immigration Judge's denial of his claim under the Convention, and so we address only his argument for relief under the Act. In order to be entitled to withholding of removal under the Act, he is under the burden of demonstrating that

he would, more likely than not, be subject to persecution on the grounds of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b).

We review administrative findings of fact under a substantial-evidence standard, and we will not disturb those findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Viewing the administrative record in its entirety, we cannot say that any reasonable adjudicator would be compelled to conclude, on Kande's testimony alone, that he would more likely than not be subject to persecution in Sierra Leone. Kande on appeal argues that the Immigration Judge and the Board based the adverse credibility determination on minor inconsistencies,[1] and, were the inconsistencies in this case indeed minor, he would have an argument. *See Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004) (rejecting Immigration Judge's adverse credibility determination based on inconsistencies regarding party membership fees and the dates when the petitioner was a student). However, we agree with the Board that "the dates in this

---

[1]Kande also argues on appeal that the Immigration Judge improperly based his adverse credibility determination, in part, on what appears to be a basic factual error committed by the Immigration Judge: at the outset of the merits hearing on Kande's claims, the Immigration Judge accused Kande of requesting three continuances of the hearing while a Mende interpreter was sought, and then, after one was finally located, sending that interpreter home and deciding to proceed in English. In rendering his decision, the Immigration Judge considered these continuances granted to honor Kande's request for an interpreter followed by Kande's decision to proceed in English "a minor factor" in evaluating his credibility. But the administrative record shows that, in fact, only one continuance was sought on the basis of finding a Mende interpreter, and that, at the time of the other two continuances, Kande actually sought to proceed in English. However, because the Board affirmed the Immigration Judge's adverse credibility determination "as predicated on significant discrepancies in the record" and did not repeat or consider the Immigration Judge's factual error concerning the number of continuances related to Kande's request for an interpreter, the Immigration Judge's error does not affect our analysis.

case are significant particularly since the respondent based his entire claim on the alleged deaths of his father and brother and based his entire time line of events given during his testimony on the September 1997 date which he later changed to May 1997."

Finally, while Kande on appeal argues that the Immigration Judge engaged in speculation and conjecture in considering the lack of corroboration concerning Kande's account of his family's treatment in Sierra Leone and in finding that Kande did not meet his burden of establishing a well-founded fear of future prosecution, we need not reach these issues because the Board, in dismissing Kande's appeal, based its decision entirely on the Immigration Judge's adverse credibility determination, which we find to be supported by substantial evidence.

Accordingly, the petition for review is dismissed as to the asylum claim for want of jurisdiction, and denied as to the withholding of removal claim.